# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RJ KAGAN CONSULTING, LLC** <br> 3160 Victoria Ave. <br> Cincinnati, Ohio 45208 <br>     Plaintiff <br><br> Vs. <br><br> **AMARANTUS BIOSCIENCE HOLDINGS, INC.** <br> 655 Montgomery Street <br> Suite 900 <br> San Francisco, CA 94111 <br><br> AND <br><br> **GERALD E. COMMISSIONG** <br> Individually and as President and Chief Executive Officer of Amarantus Bioscience Holdings, Inc. <br> 45 Wall Street <br> Suite 920 <br> New York, NY 10005 <br><br>     Defendants | **CAUSE NO: 1:21-CV-00078** |

## COMPLAINT FOR DAMAGES

**NOW COMES** RJ Kagan Consulting, LLC, Plaintiff in the above styled civil action, who files this its complaint against Defendants Amarantus Bioscience Holdings, Inc. and Gerald E. Commissiong as follows:

## PARTIES TO THE ACTION

1. Plaintiff, RJ Kagan Consulting, LLC ("Kagan"), is a for profit business entity registered to conduct business in the State of Ohio. Plaintiff's principal place of business is 3160 Victoria Ave., Cincinnati, Ohio 45208.

2. Defendant Amarantus Bioscience Holdings, Inc. ("Amarantus") is a for profit business whose principal place of business had been 655 Montgomery Street, suite 900, San Francisco, CA 94111, but whose President's offices is now located at 45 Wall Street, Suite 920, New York, NY, 10005.

3. Defendant Gerald E. Commissiong ("Commissiong") is the President and CEO of Amarantus Bioscience Holdings, Inc., and his principal place of business is 45 Wall Street, Suite 920, New York, NY 10005.

## VENUE AND JURISDICTION

4. The United States District Court, Southern District of Ohio, Western Division has jurisdiction over the matter in controversy pursuant to Title 28 USC § 1332(a)(1), in that Plaintiff and Defendant Amarantus are business entities of different states, Defendant Commissiong is a resident of a different state than Amarantus and Kagan, and the matter in controversy exceeds $75,000.00.

5. The United States District Court, Southern District of Ohio, Western Division (Cincinnati) is the proper venue for this action as many of the actions between the parties occurred in the District Court jurisdiction, Defendant' Commissiong's actions fall outside the scope of the contract, and it would be unjust to have the venue any location other than the United States District Court, Southern District of Ohio (Cincinnati).

## STATEMENT OF FACTS

6. Kagan is a for profit consulting business for Dr. Richard Kagan, a burn specialist who was contracted to be Amarantus' Chief Medical Advisor for the ESS (Engineered Skin Substitute) Projet for the treatment of burn patients..

7. Amarantus lists on its website that it is a "publicly traded biotechnology company focused on developing therapeutic products with the potential for orphan drug designation in the area of neurology, psychiatry, opthalmology and regenerative medicine and diagnostics in neurology."

8. Defendant Commissiong has at all times during the relationship between Kagan and Amarantus been the voice for Amarantus and conducted all communications and negotiations between Kagan and Amarantus.

9. Throughout the business relationship between Kagan and Amarantus, the parties signed three separate Consulting Agreements (April 17, 2018, January 23, 2019, and October 21, 2019).

10. Each of the Consulting Agreements contain the terms for services and compensation.

11. Each of the Consulting Agreements were negotiated and executed by Defendant Commissiong on behalf of Amarantus.

12. Kagan provided all services in accordance with the terms of the three Consulting Agreements.

13. Never has either Defendant complained about Kagan's services.

14. As late as December, 2020 Defendants have reached out to Kagan to assist Defendants.

15. Defendant Amarantus has failed to abide by its obligations in the Consulting Agreements, specifically has only made one payment of $2,500.00, owing a total amount of $117,500.00 pursuant to the Consulting Agreements.

16. Amarantus' lone payment of $2,500.00 was on July 10, 2018.

17. In accordance with the first Consulting Agreement (April 17, 2018) Amarantus was to pay to Kagan $5,000.00 per month for a period of nine (9) months.

18. In accordance with the first Consulting Agreement, Amarantus owes to Kagan the sum of $42,500.00.

19. In accordance with the second Consulting Agreement (January 23, 2019), Amarantus was to pay Kagan $5,000.00 per month for a period of six (6) months.

20. In accordance with the second Consulting Agreement, Amarantus owes to Kagan the sum of $30,000.00.

21. In accordance with the third Consulting Agreement (October 21, 2019), Amarantus was to pay Kagan $5,000.00 per month for a period of nine (9) months (extending the January 23, 2019 contract three months and creating another six month contract).

22. In accordance with the third Consulting Agreement, Amarantus owes to Kagan the sum of $45,000.00.

23. Defendant Amarantus received substantial benefit from Kagan's services, without providing payment for those services.

24. Kagan made multiple attempts to contact Defendants concerning payment, but received no response.

25. Defendants Amarantus and Commissiong in negotiating and preparing the Consulting Agreements made representations to Kagan that Kagan would be paid a fair sum for his services.

26. Defendants Amarantus and Commissiong knew Kagan was fully invested in providing his services to develop and market the Engineered Skin Substitute.

27. Defendants Amarantus and Commissiong knew Kagan would agree to provide his services to Defendants should they make the representation that Kagan would be compensated.

28. Defendants Amarantus and Commissiong took advantage of Kagan's desires to see the ESS Project move forward to clinical studies and product development, knowing full well Defendants would not pay Kagan for those services.

29. Defendant Amarantus has the funds available to pay Kagan for his services, but has failed and refuses to pay Kagan the amounts due and owing.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

30. Plaintiff incorporates paragraphs 1 through 29 of Plaintiff's Complaint for Damages as if fully restated herein.

31. Plaintiff and Defendant Amarantus executed three valid Consulting Agreements, dated April 17, 2018, January 23, 2019, and October 21, 2019.

32. Pursuant to the April 17, 2018 Consulting Agreement, Kagan was to provide consulting services for Amarantus, and Amarantus would pay to Kagan the total sum of $45,000.00.

33. Kagan fully completed his obligations pursuant to the first Consulting Agreement.

34. Amarantus made one payment of $2,500.00 to Kagan.

35. Amarantus failed to make any other payments to Kagan in breach of the Consulting Agreement.

36. Pursuant to the first Consulting Agreement, Amarantus owes to Kagan the sum of $42,500.00.

37. Pursuant to the January 23, 2019 Consulting Agreement, Kagan was to provide consulting services for Amarantus and Amarantus would pay to Kagan the total sum of $30,000.00.

38. Kagan fully completed his obligations pursuant to the second Consulting Agreement.

39. Amarantus failed to make any payments to Kagan in breach of the second Consulting Agreement.

40. Pursuant to the second Consulting Agreement, Amarantus owes to Kagan the sum of $30,000.00.

41. Pursuant to the October 21, 2019 Consulting Agreement, Kagan was to provide consulting services for Amarantus and Amarantus would pay to Kagan the total sum of $45,000.00.

42. Kagan fully completed his obligations pursuant to the third Consulting Agreement.

43. Amarantus failed to make any payments to Kagan in breach of the third Consulting Agreement.

44. Pursuant to the third Consulting Agreement, Amarantus owes to Kagan the sum of $45,000.00.

45. The total due and owing from Amarantus to Kagan is $117,500.00 pursuant to the terms of the three Consulting Agreements.

**COUNT II:  UNJUST ENRICHMENT**

46.   Plaintiff incorporates paragraphs 1 through 36 of Plaintiff's Complaint for Damages as if fully restated herein.

47.   Dr. Richard Kagan is a burn specialist whose services were sought after in developing products to treat burn patients.

48.   Kagan's services are valuable.

49.   Kagan provided substantial services to Defendant Amarantus over a period of 24 months.

50.   Amarantus willingly received those services, knowing the value of the services rendered with promises to pay for those services.

51.   Kagan has made several attempts to collect compensation for his services to Amarantus.

52.   Amarantus has failed and refuses to pay for Kagan's services.

53.   Amarantus has been unjustly enriched in the amount of $117,500.00.

**COUNT III:  THEFT OF SERVICES**

54.   Plaintiff incorporates paragraphs 1 through 53 of Plaintiff's Complaint for Damages as if fully restated herein.

55.   Defendants Amarantus and Commissiong made certain representations to Kagan that Kagan would be justly compensated for its Consulting services.

56.   Defendants made those representations knowing they were false.

57.   Defendants made those representations with the intention of obtaining Kagan's services for a period of 24 months.

7

58. Kagan provided the services to Amarantus and Commissiong, believing Defendants would make payment.

59. Defendants have failed and refuse to pay Kagan for his services.

60. Kagan has made multiple attempts to collect payment, but Defendants refuse to contact him concerning the payments.

61. Pursuant to Ohio Revised Code §§2307.60 through 2307.61, Kagan is entitled to triple damages as the result of Defendants' theft.

## COUNT IV: FRAUD

62. Plaintiff incorporates paragraphs 1 through 61 of Plaintiff's Complaint for Damages as if fully restated herein.

63. Defendants made representations to Kagan that it would be justly compensated for its Consulting services.

56. Defendants made those representations knowing they were false.

57. Defendants made those representations with the intention of obtaining Kagan's services for a period of 24 months.

58. Defendants knew Kagan's interest in providing the services to develop the Engineered Skin Substitute, and knew Kagan would rely on Defendant's representations.

59. Kagan did in fact reasonably rely on Defendants' representations and provided the services to Amarantus and Commissiong, believing Defendants would make payment.

60. Defendants have failed and refuse to pay Kagan for his services.

61. Kagan has made multiple attempts to collect payment, but Defendants refuse to contact him concerning the payments.

62. As the direct and proximate result of Defendants' fraudulent behavior, Kagan has suffered damages in excess of $100,000.00, and continues to suffer damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, RJ Kagan Consulting, LLC, prays for this Court to find Defendants Amarantus Bioscience Holdings, Inc. and Gerald E. Commissiong, liable for damages as follows:

A. Breach of Contract and Unjust Enrichment against Defendant Amarantus Bioscience Holdings, Inc. in the amount of $117,500.00.

B. Theft of Services and Fraud against Amarantus Bioscience Holdings, Inc. and Gerald E. Commissiong in an amount in excess of $100,000.00.

C. Treble Damages against Amarantus Bioscience Holdings, Inc. and Gerald E. Commissiong.

D. Pre-judgment and Post-judgment interest;

E. All costs and attorney's fees in this action;

F. Any and all other relief this Court finds just and equitable.

Respectfully submitted,

*Robert S. Fischer*
Robert S. Fischer (0071640)
Sams Fischer, LLC
Counsel for Plaintiff
5155 Financial Way, Suite 11
Mason, Ohio 45040
(513) 398-4646
(513) 398-8717 (Fax)
rfischer@samsfischer.com

9